776 F.2d 571
 In the Matter of the Application of WILKINSON STORAGE
CORPORATION, Standard Warehouse Co., Inc., Southwest
Warehouse Co., Inc., Servicenter, Inc., R-T Realty Corp.,
Overmyer Canada, Ltd., Overmyer, A.G., Overmodal Terminals,
Inc., Merchants & Manufacturers Warehouse, Inc., Intermodal
Terminals, Inc., Freight Delivery Service, D.H. Overmyer
Company (Quebec) Ltd., D.H. Overmyer Company of Canada,
Ltd., Deauville Private Rental Homes, Inc., Weathervane
Farms, Inc., Expediter Warehouse Co., Omega Executive
Services, Inc., Jebbs Distribution Services, Inc., National
Distribution Services, Inc., National Distribution Services
of California, Inc., Peerless Manufacturing Corporation, and
Clark Telecasting, Inc., Petitioners.
In re D.H. OVERMYER TELECASTING CO., INC., Debtor.
HADAR LEASING INTERNATIONAL CO., INC., Plaintiff,
v.
D.H. OVERMYER TELECASTING CO., INC., et al., Defendants.
 No. 82-3598.
 United States Court of Appeals,
Sixth Circuit.
 Feb. 7, 1983.
 
 Morton S. Robson, Robson & Miller, New York City, Douglas G. Cole, Strauss, Troy & Ruehlmann Co., LPA, Cincinnati, Ohio, for appellants.
 William F. Eggeling, Ropes & Gray, Boston, Mass., Joseph Tatchan, Susan Collins, Baker & Hostetler, Cleveland, Ohio, for National Bank of Boston.
 ORDER
 Before LIVELY, BOYCE F. MARTIN and KRUPANSKY, Circuit Judges.
 
 
 1
 The court has for consideration petitions for mandamus and prohibition against Bankruptcy Judge John F. Ray, Jr. of the Northern District of Ohio filed by the petitioners. On October 1, 1982 Judge Gilbert S. Merritt of this court ordered the intervenor in Chapter 11 bankruptcy proceedings in the Northern District of Ohio, First National Bank of Boston, to brief the issues of the personal jurisdiction and alleged due process violations raised by the petitioners in their application for a stay in this court. Thereafter the intervenor First National Bank of Boston filed its brief and the petitioners filed a response thereto.
 
 
 2
 Upon consideration of the petition, the brief and the response thereto and other papers filed in connection therewith the court concludes that the issues raised herein, though important, are not of such magnitude as to justify granting the extraordinary relief of mandamus or prohibition. These issues can be reached by appeal, and mandamus or prohibition should never be used as a substitute for appeal.
 
 
 3
 The petitions for mandamus and prohibition and the motion for stay of the orders of the Bankruptcy Court are all denied.